**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **ALAN DIPIETRO,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Civ. No.: 4:23-cv-40004-MRG** |
| **v.** | ) | |
| | ) | |
| **TOWN OF BOLTON,** | ) | |
| **Defendant.** | ) | |
| | ) | |

<u>**ORDER REGARDING REPORT AND RECOMMENDATION**</u>

Before the Court is Magistrate Judge David H. Hennessy's Report and Recommendation ("R&R"), [ECF No. 101], which recommends that the Court grant Defendant's Motion for Summary Judgment, [ECF No. 71], and deny Defendant's Motion to Authorize Sale, [ECF No. 75], as moot. Upon review, the Court **<u>DECLINES TO ADOPT</u>** the R&R and, in light of intervening legal and legislative developments that call into question the ripeness and continued viability of Plaintiff's claim, **<u>DENIES AS MOOT</u>** both Defendant's Motion for Summary Judgment, [ECF No. 71], and Defendant's Motion to Authorize Sale, [ECF No. 75], without prejudice to renewal.

Plaintiff Alan DiPietro ("Mr. DiPietro") initiated this action on January 10, 2023, alleging that Defendant Town of Bolton ("Bolton") effected an unconstitutional taking by acquiring title to his home—allegedly worth at least $370,000—in satisfaction of a tax debt of approximately $60,000, and retaining the surplus equity. [Compl. ¶ 1, ECF No. 1]. Mr. DiPietro contends that Bolton's retention of the value exceeding his tax liability constitutes a taking without just compensation in violation of the Fifth Amendment. [Id.] Although Mr. DiPietro no longer holds

1

legal title, he continues to reside on the property, and the parties do not dispute that no foreclosure sale has occurred. [Def.'s Statement of Facts ("DSOF") ¶¶ 23–24, ECF No. 73].[1]

Since the filing of this action, both legal and legislative developments have materially altered the landscape. In Tyler v. Hennepin County, the Supreme Court held that the retention of surplus proceeds from a tax foreclosure sale constitutes a taking under the Fifth and Fourteenth Amendments. 598 U.S. 631, 639 (2023). In response, the Massachusetts Legislature amended its statutory scheme—after the events at issue and which may apply retroactively—to provide for the return of surplus proceeds to the delinquent taxpayer. See Mass. Gen. Laws ch. 60, § 64 (amended 2024).

In light of these developments, the viability of Plaintiff's claims is uncertain. Plaintiff's claims are largely premised on a statutory regime that has since been changed. Additionally, no foreclosure sale has yet occurred, and therefore no surplus *proceeds* have been retained. The Court must therefore consider (1) whether this action has been rendered moot in light of the statutory updates, and (2) whether a compensable taking has occurred, or instead remains unripe. See, e.g., Town of Portsmouth, R.I. v. Lewis, 813 F.3d 54, 58 (1st Cir. 2016) (intervening legislation rendered claims moot); Woodbridge v. City of Greenfield, No. 23-30093-TSH, 2024 WL 2785052, at *6 (D. Mass. May 29, 2024) (actionable taking occurs when "a former holder of a legal interest in property" does not "receive any remaining proceeds resulting from the foreclosure and sale of such property to satisfy delinquent property taxes."); Ramsey v. City of Newburgh, No. 23-CV-8599, 2024 WL 4444374, at *3 (S.D.N.Y. Oct. 8, 2024) ("where Plaintiff has only alleged a foreclosure but not that the City has kept the property for its own use (or sold it), there has not yet been a

---

[1] Because Plaintiff has not controverted Defendant's Statement of Material Facts [ECF No. 73], those facts are deemed admitted to the extent supported by the record. See L.R., D. Mass. 56.1.

taking."). While some of these issues were addressed by Judge Hennessy in the R&R and by the parties in subsequent briefing, the Court requires further focused briefing.

Accordingly, the Court **ORDERS** the parties to submit supplemental briefing by no later than April 16, 2026, not to exceed fifteen pages, addressing what statutory remedies are presently and prospectively available to Plaintiff under Mass. Gen. Laws ch. 60, § 64 (and, if applicable, other Massachusetts statutes) to recover any excess equity, including whether those remedies are exclusive. The parties shall also address whether any applicable deadlines for seeking such relief have expired. After reviewing the parties' submissions, the Court will determine whether further proceedings—including the filing of an amended complaint—are warranted.

At this juncture, the Court declines to adjudicate claims that may be contingent, unripe, or lack a concrete factual basis. Because the statutory regime has changed and a mechanism for recovering excess equity may now be available, the complaint and prior briefing may not reflect the current legal and factual reality.

\*                    \*                    \*

### Plaintiff's Misquotation of Authority

Finally, the parties are reminded of their obligation to accurately represent the authorities upon which they rely. Plaintiff's objections to the R&R contain multiple misquotations. For example, Plaintiff asserts that Knick v. Township of Scott, 588 U.S. 180 (2019), held that "offering a process is not the same as paying just compensation." [ECF No. 102 at 9]. Despite attributing this language to Knick verbatim, no such language appears in that decision. See generally Knick, 588 U.S. 180. The Court further notes that, at pages 2, 6, and 9–10 of Plaintiff's objections to the R&R, Plaintiff attributes quotations to authorities that do not contain the cited language. Counsel are cautioned that misstatements of law—whether attributable to carelessness or reliance on

3

unverified generative AI outputs—are unacceptable and may implicate several rules of professional conduct, including the duty of candor. Mass. R. Pro. Conduct 3.3(a). The Court may address these issues, if warranted, by separate order.

**SO ORDERED.**

Dated: March 30, 2026

/s/ *Margaret R. Guzman*
Margaret R. Guzman
United States District Judge